IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J.P., and all others similarly situated, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. C2-04-692 |
| | : | |
| v. | : | JUDGE ALGENON MARBLEY |
| | : | |
| Bob Taft, *et al.*, | : | Magistrate Judge King |
| | : | |
| Defendants. | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter comes before the Court on the Motion by Defendant, Governor Bob Taft ("Taft"), to be dismissed as a party to this action pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Defendant contends that Plaintiffs' amended complaint contains no factual allegations sufficient to support a claim against him. For the reasons set forth herein, the Court **GRANTS** Defendant Taft's Motion to Dismiss.

**II. STATEMENT OF FACTS**

Ohio Department of Youth Services ("ODYS") "is the legal custodian for juvenile offenders age 10-21 who have been adjudicated delinquent as a result of committing felony violations." *See* Pl.'s Ex. A. ODYS operates eight juvenile correctional facilities: Circleville

---

[1] On December 30, 2004, Defendant Taft brought an earlier motion to be dismissed as a party to this litigation pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure (the "First Motion to Dismiss"). [Doc. No. 23]. Plaintiffs filed a response in opposition to Defendant Taft's First Motion to Dismiss [Doc. No. 43], and later filed an amended complaint incorporating new plaintiffs, new defendants, and new allegations [Doc. No. 77]. Taft's Second Motion to Dismiss replaces his First Motion to Dismiss, and his First Motion to Dismiss is hereby **MOOT**.

Juvenile Correctional facility, Mohican Juvenile Correctional facility, Cuyahoga Hills Juvenile Correctional Facility, Scioto Juvenile Correctional Facility, Ohio River Valley Juvenile Correctional Facility, Indian River Juvenile Correctional Facility, Freedom Center, and the Marion Juvenile Correctional Facility. *Id*. ODYS also has six parole offices, and contracts with a private sector provider for services. *See id*. Further, "[a]t any given time, [Ohio] DYS has approximately 1,800 youth in its custody in the correctional facilities." *Id*.

On July 29, 2004, four youth in the ODYS custody (J.P., S.J., H.H.[2] and D.B.) filed a proposed class action suit in federal court. *See* Pls.' Original Complaint. Plaintiffs alleged that, under the terms of 42 U.S.C. § 1983, Governor Bob Taft, Geno Natalucci-Perischetti ("Perischetti"), and ODYS (collectively, "Defendants"), violated the First, Sixth, and Fourteenth Amendments of the United States Constitution and corresponding provisions of the Ohio Constitution by denying access to the courts for juveniles committed to ODYS as juvenile delinquents or serious juvenile offenders.[3] *See J.P., et al.*, 2005 WL 2405993, at *1. Plaintiffs requested declaratory and injunctive relief, asking that the Court both declare Defendants' actions unconstitutional and require Defendants to provide Plaintiffs with their constitutionally

---

[2]On July 7, 2005, Plaintiff H.H. voluntarily dismissed her claim against Defendants.

[3]In 1992, the Sixth Circuit Court of Appeals ruled that juvenile offenders require the assistance of lawyers in order to have meaningful access to the courts because juvenile offenders cannot make effective use of legal materials by themselves. *See John L. Adams*, 969 F.2d 228, 233 (6th Cir. 1992). This right to assistance of counsel has been narrowly interpreted to mean that juvenile offenders are not entitled to legal assistance on "general civil matters arising solely under state law." *Id*. Moreover, the right to assistance of counsel is limited to "the preparation and the filing of the complaint." *See Knop v. Johnson*, 977 F.2d 996, 1005-07 (6th Cir. 1992); *Bee v. Utah State Prison*, 823 F.2d 397 (10th Cir. 1987); *Nordgren v. Milliken*, 762 F.2d 851, 855 (10th Cir. 1985); *Ward v. Kort*, 762 F.2d 856 (10th Cir. 1985).

required access to attorneys and the legal system.  *See id*.

In response, Defendant Taft filed a motion to dismiss him as a party to the litigation pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).  In March 2005, however, Plaintiffs filed a second amended complaint[4], which added two new Plaintiffs, M.M. and T.M., to the litigation, and asserted new claims against Governor Taft and Thomas Stickrath, the Interim Director for ODYS, (collectively, "Defendants").[5]  Plaintiffs' second amended complaint makes the following allegations with regard to Defendant Taft's culpability:

> 27. Based on plaintiffs' information and belief, the injuries suffered by the plaintiffs, and the findings reported by Fred Cohen, who was retained by the state to investigate conditions of confinement within ODYS facilities, plaintiffs allege that Governor Taft *inadequately trained* the Director of Youth Services in the proper performance of his duties and *inadequately supervised the* Department of Youth Services and its staff, thereby proximately causing the injuries that give rise to this action.
>
> 28. Moreover, plaintiffs allege that Governor Taft, although aware that plaintiffs' right of access to the courts has been and is being hindered, has failed to conduct a reasonable inquiry into the deficiencies that are causing plaintiffs' injuries, and has not undertaken reasonable means to correct or eradicate those deficiencies.

*See* Pl.'s Second Amended Complaint ¶¶ 27-28.

Shortly after Plaintiffs filed their second amended complaint., Defendant Taft filed a Second Motion to Dismiss.  The issues have been fully briefed and are now ripe for decision.  The Court's analysis follows.

### III. STANDARD OF REVIEW

In considering a Rule 12(b)(6) Motion to Dismiss, a Court is limited to evaluating

---

[4]Plaintiffs filed their first amended complaint on March 7, 2005 [Doc. No. 40], but terminated that motion on March 8, 2005.

[5]Plaintiffs' second amended complaint eliminates ODYS and Perischetti as Defendants. *See* Pl.'s Second Amended Complaint.

whether a plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983). All factual allegations made by a plaintiff are deemed admitted and ambiguous allegations must be construed in his favor. *See id*. A complaint should not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that [a p]laintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the complaint need not specify every detail of a plaintiff's claim, it must give a defendant "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (quoting *Conley*, 355 U.S. at 47). Nonetheless, this liberal standard of review requires more than the bare assertion of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted). Moreover, in the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations in support thereof fail to state a claim under section 1983. *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986). Some factual basis for such claims must be set forth in the pleadings. *Id*.

### IV. ANALYSIS

Section 1983 states in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and the laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. Section 1983 "'creates no substantive rights; it merely provides remedies for

deprivations of rights established elsewhere.'" *Alexander v. Haymon*, 254 F. Supp. 2d 820, 830 (S.D. Ohio 2003) (quoting *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000)).

Supervisory liability cannot be imposed under Section 1983 on a theory of *respondeat superior*. *See Monell v. New York Dept. of Social Servs.*, 436 U.S. 658 (1978). To be held liable for a claim for damages, a supervisor must have "at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct [in question]." *See Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989); *O'Banion v. Bowman*, 824 F. Supp. 743, 744 (S.D. Ohio 1993). Stated otherwise, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it . . ." *See Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984). Supervisory liability may be based upon any of the following: (1) active participation in the unconstitutional conduct; (2) encouragement or condonement of the specific incident of misconduct; (3) a policy of inadequately training subordinates; or (4) failure to conduct a reasonable inquiry after the fact. *See O'Banion*, 824 F. Supp. at 745 (internal citations omitted).

In this case, Plaintiffs allege that Defendant Taft is liable in his supervisory capacity because he inadequately trained the ODYS director, and because he failed to conduct a reasonable inquiry into Plaintiffs' allegations that they were being denied access to the courts. *See* Pl.'s Second Amended Complaint ¶ 27. Plaintiffs, however, fail to set forth any facts in support of their otherwise conclusory allegations, and, therefore, the second amended complaint lacks adequate specificity to withstand Defendant Taft's 12(b)(6) motion to dismiss.[6]

---

[6]In paragraph 27 of their Complaint, Plaintiffs reference a report by Mr. Fred Cohen, who was "retained by the state to investigate *conditions of confinement* within ODYS facilities." *See* Pl.'s Second Amended Complaint ¶ 27 (emphasis added). Though Plaintiffs assert that their

Furthermore, the law augurs in favor of Defendant Taft. *See Bowen v. Taft*, 62 Fed. Appx. 117 (6th Cir. 2003) (affirming the dismissal of Governor Taft from plaintiff's Section 1983 civil rights action for unconstitutional conditions of confinement because plaintiff did not allege facts in support of his claim that the Governor was complicit in the alleged wrongdoing); *Gallagher v. Goldhart*, 889 F.2d 1087 (6th Cir. 1989) (dismissing the Governor of Ohio from plaintiff's section 1983 civil rights action for unconstitutional conditions of confinement because the Governor was not liable under a theory of *respondeat superior*); *Bond v. Wilkinsoni,* 889 F.2d 1086 (6th Cir. 1989) (dismissing the Governor of Kentucky from a plaintiff's Section 1983 civil rights action for unconstitutional sentencing because the Governor was not liable under a *respondeat superior* theory); *Gallager v. State of Ohio,* 893 F.2d 1334 (6th Cir. 1990) (dismissing the Governor of Ohio from plaintiff's Section 1983 civil rights action for unconstitutional arrest and prosecution because the Governor was not liable under a *respondeat superior* theory).

Because Plaintiffs failed to plead specific facts showing that Taft *directly* and *actively participated* in the alleged constitutional injury, their second amended complaint fails to state a claim upon which relief can be granted. Therefore, the Court must **GRANT** Defendant Taft's Motion to be Dismissed as a Party to this Action.

### V. CONCLUSION

For the foregoing reasons, Defendant Taft's Second Motion to Dismiss is **GRANTED**

---

reference to Mr. Cohen's report shows that there were "massive derelictions of duties by ODYS staff," Mr. Cohen's report was based on *conditions of confinement,* not upon access to the legal system. Because the report was only tangentially related to Plaintiffs' allegations, it does not serve as sufficient factual support for Plaintiffs' claims against Defendant Taft.

and Defendant Taft's First Motion to Dismiss is **MOOT**.  The case is hereby dismissed as to Defendant Taft.

    **IT IS SO ORDERED.**


                                                                   s/Algenon L. Marbley
                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT JUDGE**


**DATED: April 21, 2006**