IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J.P., and all others similarly situated, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. C2-04-692 |
| | : | |
| v. | : | JUDGE ALGENON MARBLEY |
| | : | |
| Bob Taft, *et al.*, | : | Magistrate Judge King |
| | : | |
| Defendants. | : | |

## CONSENT DECREE

1. On January 5, 2007, the named Plaintiffs, acting on behalf of themselves and a Settlement Class, entered into a Stipulation of Settlement with Tom Strickrath, the Director of the Ohio Department of Youth Services (hereinafter "ODYS").

2. Pursuant to the Order Preliminarily Approving Settlement, entered by the Court on January 12, 2007 (the "Preliminary Order"), the Court scheduled a hearing for March 6, 2007, at 9:00 a.m. (The "Fairness Hearing") to do the following: a) determine whether the proposed settlement of the claims against ODYS on the terms and conditions provided for in the Stipulation of Settlement is fair, reasonable and adequate and should be approved by the Court; (b) determine whether judgment should be entered herein on those terms; and (c) to consider the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses. The Court ordered the Notice of class settlement, substantially in the form attached as Exhibit B to the Stipulation of Settlement, be posted at ODYS facilities.

3. On March 6, 2007, this matter came before the Court for the Fairness Hearing and on all motions related thereto, including the Motion for Final Approval and for an Award of

Attorneys' Fees and Reimbursement of Expenses. Due and adequate notice having been given to the Settlement Class as required in said Preliminary Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

4. This Judgment incorporates by reference the Stipulation of Settlement, and all terms used herein shall have the same meanings as set forth in the Stipulation of Settlement.

5. This Court has jurisdiction over the subject matter of the litigation and over all parties to the litigation, including all Members of the Settlement Class.

6. By Order dated January 12, 2007, this Court preliminarily certified this case for settlement purposes as a class action and the allegations of fact supporting that Order have not changed, and therefore, this Court finds and concludes that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; and (d) Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class members; and (e) ODYS has acted or refused to act on grounds applicable to the class, making appropriate final injunctive relief.

7. The Settlement Class under Rule 23(b)(2) shall be defined as follows: All the individuals under DYS custody currently housed or to be housed at Circleville Juvenile Correctional Facility, Cuyahoga Hills Juvenile Correctional Facility, Freedom Center, Indian

River Juvenile Correctional Facility, Marion Juvenile Correctional Facility, Mohican Juvenile Correctional Facility, Ohio River Valley Correctional Facility, Scioto Juvenile Correctional Facility (collectively "the DYS Facilities"), as well as Paint Creek Youth Center, until termination of the Consent Decree.

8.  The Court finds that the Stipulation of Settlement and its terms therein are fair, just, reasonable and adequate as to each of the settling parties and the Settlement Class.  Accordingly, the Stipulation of Settlement and all the terms of the Stipulation of Settlement are hereby finally approved in all respects, and the settling parties are hereby directed to perform its terms.

9.  Plaintiffs' counsel are awarded $190,000 in fees and expenses, which the Court finds to be fair and reasonable.  The award of attorneys' fees shall be allocated among Plaintiffs' Counsel quantum meruit so that in the opinion of Trial Counsel for Plaintiffs all Plaintiffs' Counsel are compensated for their respective contributions in the prosecution of the Action.

10.  The Notice of class action given to the Settlement Class was the best notice practicable under the circumstances.  Said notice provided the best notice practicable to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11.  The Court hereby finds that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of this final judgment and hereby directs its entry.

12.  Neither the Stipulation of Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Claim, or of any wrongdoing or liability of the Defendant, or (b) is or may be deemed to be or may be used as an admission of, or evidence

of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal.  Defendant may file the Settlement and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over:  all parties and counsel hereto for the purpose of construing, enforcing, and administering the Settlement.

14.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation of Settlement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

15.  The effective date of this Consent Degree is thirty days from the execution hereof, April 5, 2007.

     s/Algenon L. Marbley
    **ALGENON L. MARBLEY**
    **UNITED STATES DISTRICT JUDGE**

**DATED:  March 6, 2007**