IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

J.P., and all others similarly
situated, c/o Children's Law
Center, Inc., *et al.*,

      **Plaintiffs,**

  vs.                             Civil Action 2:04-CV-692
                                        Judge Marbley
                                        Magistrate Judge King

BOB TAFT, in his official
capacity only, *et al.*,

      **Defendants.**

## OPINION AND ORDER

This is a civil rights action under 42 U.S.C. § 1983 in which plaintiffs, acting on their own behalf and on behalf of a class of certain juveniles committed to the Ohio Department of Youth Services ("ODYS"), allege that they have been denied their right of access to the courts during the course of their detention in ODYS-related facilities. Plaintiffs seek to hold defendants in contempt for violating this Court's consent decree, which required that the Legal Assistance Program ("LAP") be adequately staffed. *See Consent Decree*, Doc. No. 182, p. 2; *Stipulation of Settlement*, Doc. No. 178, pp. 5-10; *Plaintiffs' Combined Motion to Show Cause Why Defendants Should Not Be Held in Contempt, to Conduct Discovery, and to Enforce Provisions of the Consent Decree*, Doc. No. 183 ("*Contempt Motion*"). This matter is now before the Court on *Plaintiffs' Motions for (1) Limited Discovery and (2) Expedited Consideration of This Motion*, Doc. No. 198 ("*Plaintiffs' Motion*"). For the reasons set forth below, *Plaintiffs' Motion* is **GRANTED**.

    **I.**     **BACKGROUND**

Plaintiffs allege that Sharon Hicks, the attorney responsible for hiring LAP staff, meets with approximately 250 juveniles each month. *Plaintiffs' Motion*, p. 2.  However, in the past three years, plaintiffs contend that LAP has assisted fewer than five juveniles in filing suit against ODYS.  *Id*.  On December 31, 2007, an investigative report filed in separate litigation described inadequate conditions of confinement in all eight ODYS facilities, including insufficient medical and mental health care, use by guards of excessive force against juveniles, tolerance of youth upon youth abuse, and use of prolonged isolation.  *Id*.  Plaintiffs contend that ODYS intentionally precludes juveniles from filing more lawsuits regarding these conditions of confinement by purposely understaffing LAP.  *Id*. at 2-3.

On March 6, 2007, this Court entered a *Consent Decree* which specifically incorporated a *Stipulation of Settlement*.  See *Consent Decree*, pp. 1-2.  The *Stipulation of Settlement* obligates ODYS to ensure that LAP has adequate staffing and sets guidelines to guarantee compliance.  *Stipulation of Settlement*, pp. 6, 9-10.  ODYS is also obligated to conduct a review of its staffing every six months and to make appropriate adjustments based upon the demand for services.  *Id*. at 9-10.

According to plaintiffs, defendants have failed to comply with these provisions and should be held in contempt.  *Contempt Motion.*  In connection with that request, *Plaintiffs' Motion* now seeks limited discovery that plaintiffs contend is relevant, and possibly dispositive, of the *Contempt Motion*.  In particular, plaintiffs seek responses to three discovery requests related to ODYS staffing issues.  First, plaintiffs ask defendants to identify the dates of their

contact with Ms. Hicks and to detail whether Ms. Hicks said whether or not LAP needs additional staff. *Plaintiffs' Motion*, p. 3. Plaintiffs contend that they have cause to believe that Ms. Hicks advised defendants months ago that LAP required more staff. *Id*. Plaintiffs believe that this interrogatory will disclose the extent and timeframe of defendants' knowledge. *Id*.

Second, plaintiffs ask defendants to produce all documents in which (1) ODYS requested information from Ms. Hicks regarding whether LAP is adequately staffed; and (2) Ms. Hicks sent ODYS discussing whether LAP does or does not need more staff. *Id*. at 3-4. Plaintiffs contend that this information will demonstrate the efforts undertaken by ODYS to ascertain whether or not LAP is adequately staffed. *Id*. at 4.

Finally, plaintiffs seek production of the six-month staffing analysis required by the *Stipulation of Settlement* and incorporated into the *Consent Decree*. *Id*. Defense counsel previously agreed to produce this document but, despite several requests by plaintiffs, the analysis has not been produced. *Id.* Plaintiffs believe that this information will establish whether or not ODYS actually conducted an appropriate analysis and, if so, will disclose what information was gathered regarding LAP staffing. *Id*. at 4-5.

Defendants have not filed a memorandum opposing *Plaintiffs' Motion*.

**II. STANDARD**

"The discovery rules vest broad discretion in the trial court." *Waters v. City of Morristown*, 242 F.3d 353, 363 (6th Cir. 2001).

3

Accordingly, determining the proper scope of discovery falls within the wide discretion of the trial court. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Rule 34 of the Federal Rules of Civil Procedure provides for discovery of documents in the "possession, custody or control" of a party, provided that the documents constitute matters "within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). Similarly, Rule 33 of the Federal Rules of Civil Procedure provides that interrogatories "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).

**III. DISCUSSION**

Plaintiffs seek to conduct discovery limited to the issues raised in the *Contempt Motion*. *Plaintiffs' Motion*. In particular, plaintiffs request the dates and content of communications between ODYS and Ms. Hicks regarding the adequacy of LAP staffing and any related documents. *Id.* at 3-4. Plaintiffs also seek the six-month analysis that, despite defendants' assurances, remains unproduced. *Id.* at 4-5.

The Court concludes that plaintiffs' proposed discovery is narrowly tailored to address whether or not defendants have violated their obligations set forth in the *Consent Decree*. Accordingly, this

4

discovery will likely facilitate any hearing on the *Contempt Motion* and will likely assist the Court resolving the issues raised in that motion. Moreover, defendants apparently previously agreed to produce at least one of the requested documents. Finally, defendants have filed no response to plaintiffs' motion for discovery. Therefore, the Court finds no reason to deny these narrowly-tailored discovery requests.

**WHEREUPON**, *Plaintiffs' Motions for (1) Limited Discovery and (2) Expedited Consideration of This Motion*, Doc. No. 198, is **GRANTED**. Defendants are **ORDERED** to respond to plaintiffs' limited discovery requests set forth in their motion within twenty (20) days from the date of this *Opinion and Order*.

February 1, 2008                                 *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge