**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **J. P., and all others similarly, situated et al.,** | : | **CASE NO. 2:04-CV-692** |
| | : | |
| | : | **JUDGE MARBLEY** |
| **PLAINTIFFS,** | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| **BOB TAFT, et al.,** | : | |
| | : | |
| **DEFENDANTS.** | : | |

## ORDER

The Parties have consented to, and the Court hereby adopts, the following procedure that is intended to help determine whether the Department of Youth Services' Legal Assistance Program needs additional staff.

1. The Contract Attorney, Sharon Hicks, will prepare three copies of her legal files from *all* clients listed on her monthly reports from July 1, 2007 through January 31, 2008, as well as the 31 youth whose declarations were filed with the Court in connection with Plaintiffs' recent motions.

    1.1. One copy of these files will be provided to Plaintiffs' counsel, specifically and only Kimberly Brooks Tandy, and one to Fred Cohen in his capacity as an expert.

    1.2. Defendants have been provided with the opportunity to obtain a copy of Sharon Hicks' files, but have decided to decline to receive a copy until they specifically request it from Sharon Hicks. Their counsel have

identified a possible ethical issue in their receiving such files. In the event that such a request is made, it shall be in writing to Attorney Hicks, designating the one Assistant Attorney General who may receive and review such records. A copy of the letter shall be filed with the Court via a notice and served on Plaintiffs' counsel.

1.3. These files will be complete and unredacted.

1.4. Atty. Hicks must ensure that these files are delivered with all due speed, and not later than March 18, 2008.

1.5. The reasonable costs of the photocopying and delivery of the files shall be shared equally by the Parties.

2. Atty. Hicks shall send a copy only to Kim Brooks Tandy for the Plaintiffs who may examine these files, which will be kept confidential. If Defendants ask to receive their copy of the files, Atty. Hicks will send them only to the Assistant Attorney General designated in the letter discussed above. No one else, including clients and other counsel for the Parties, shall be permitted to see these files.

3. After examining the files, Plaintiffs and Defendants may send Mr. Cohen their analysis of the files and their recommendations regarding what additional staff, if any, should be hired for the Legal Assistance Program.

4. The Parties' analysis and recommendations will be submitted based on a deadline established by Mr. Cohen. However Mr. Cohen's analysis and

staffing recommendations must be filed with the Court no later than April 24, 2008, end of business.[1]

5. The Parties retain the right to challenge Mr. Cohen's recommendations. They may file any objections to Mr. Cohen's report by April 28, 2008, end of business.

6. Defendants must hire the staff recommended by Mr. Cohen within three (3) weeks after Mr. Cohen files his report with the Court, unless the Court grants an express exemption, which it may do in whole or in part.

7. The purpose of the Parties' review of Atty. Hicks' legal files is not that of determining the quality or efficiency of Atty. Hick's legal representation. Rather, the purpose is only to help identify the types of cases that are being presented to the Legal Assistance Program by juveniles, information that will help determine whether additional staff must be hired.

8. The Court acknowledges that Atty. Hicks likely has both attorney-client and work-product interests in the files she will be providing. However, in order to effectuate and implement this Court's consent decree, to safeguard the constitutional rights of all youth incarcerated under the jurisdiction of the Department of Youth Services, and to serve the public interest in the proper administration of DYS facilities, the Court hereby directs Atty. Hicks to release copies of her files in the discrete manner set forth in this Order.

---

[1] The Parties conferred by telephone with Fred Cohen on Monday, March 3, 2008. Mr. Cohen indicated his inability to perform the requested task within three weeks. The Parties agreed to give Mr. Cohen the indicated additional time. Simultaneously, Plaintiffs' counsel will give Defendants' counsel suggested dates and names of deponents to arrange depositions in advance, should such discovery be necessary following the submission of Mr. Cohen's written report.

3

Dated this 7th day of March, 2008.

   s/Algenon L. Marbley
ALGENON L. MARBLEY, JUDGE
United States District Court, Southern District of Ohio