UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J. P., and all others similarly, situated et al., | : | CASE NO. 2:04-CV-692 |
| | : | |
| | : | JUDGE MARBLEY |
| PLAINTIFFS, | : | |
| | : | |
| vs. | : | |
| | : | |
| BOB TAFT, et al., | : | |
| | : | |
| DEFENDANTS. | : | |

## ORDER

Pursuant to the Report by Fred Cohen, Esq., on April 22, 2008, submitted to the Court and to the Parties but not filed, the Parties agree that the Department of Youth Services' Legal Assistance Program ("LAP") needs additional staff. The Parties established this mutual understanding during a telephone status conference held on May 16, 2008.

Responding to the April 22, 2008 Cohen Report, the Department of Youth Services ("DYS") has reported that it contracted with a private law firm in Columbus, Ohio to provide the additional attorneys and support staff identified in the April 22, 2008, Report. That law firm is Wiles, Boyle, Burkholder & Bringardner, Co. LPA, for which the principle contact attorney is Brian M. Zets, Esq. DYS reported that the contract with the private law firm became effective May 13, 2008, and it is to remain in effect until and including June 30, 2008, the end of the State of Ohio's fiscal year.

Concurrently, DYS informed the Court and Plaintiffs' counsel that it has issued a Request for Proposal ("RFP") in response to the Cohen April 22, 2008 Report. That RFP seeks to solicit bids from the legal community to provide for the next fiscal year, starting

July 1, 2008 and ending June 30, 2009, the additional attorneys and support staff referenced in the April 22, 2008, Report.

Further, DYS has reported that it arranged for an additional telephone line and additional computer for use within the LAP office located within DYS' Training Academy. Both were identified in the Cohen April 22, 2008 Report as necessary for LAP to function more efficiently.

As part of the April Cohen Report, it has been recommended that a monitor be named to review and oversee the Legal Assistance Program. DYS has proposed that Fred Cohen, Esq. serve as the Monitor, with the authority to retain an appropriate expert to review the Legal Assistance Program. It appears that Vince Nathan could serve in the capacity of such an expert, if the Monitor deemed that necessary. Plaintiffs' counsel presented no objection to either one serving in the indicated capacities.

Counsel for DYS also conveyed a concern raised by the original contract LAP attorney, Sharon Hicks. In light of the additional counsel assigned to fulfill the obligations of LAP, a need exists for Attorney Hicks' client files to be shared with Attorney Zets and his law firm and any successor LAP attorney(s). To some, it is possible that a dispute might arise regarding the attorney-client relationship between Attorney Hicks and her clients. If only out of an abundance of caution, the Court intends to address that concern as well.

Accordingly, it is ordered as follows:

1. A monitor will oversee DYS' LAP. If he accepts, Fred Cohen, Esq. shall serve as Monitor, with the authority to appoint an additional expert to review all aspects of the Legal Assistance Program. It is understood that Vince Nathan is

the intended designated Expert. The Monitor's duty, as aided by the designated expert, is to determine compliance with the requirements of the Consent Decree and the Parties' Stipulation.

2. The Monitor, or his designated Expert, will report on a semi-annual basis regarding the status of the LAP. Any such reports will comply with the requirements set forth in the Parties' original Stipulation. (*See* Doc. 209). Such reports will be delivered to counsel for each Party and to the Court's chambers. The first such Report is due by November 21, 2008.

3. Plaintiffs' counsel may direct their concerns regarding the LAP or regarding the status of a youth's potential or actual legal claim(s) being assessed through the LAP to the designated expert. All other provisions of the Parties' Stipulation and Consent Decree shall remain in effect. These provisions include: 1) the requirement that Plaintiffs' counsel be provided with the LAP's monthly reports, an obligation that extends not only to Ms. Hicks but also to the Wiles law firm and any subsequent attorneys or legal entity with whom DYS contracts to provide services for the LAP; 2) the requirement that the Monitor conduct periodic staffing reviews every six months; and 3) the requirement that the contracting attorney have adequate training and experience in civil rights and conditions of confinement issues, as well as fact and duration issues.

4. The Monitor and any designated Expert shall have full, unredacted access to any client file generated by any LAP attorney, to include but not limited to Sharon Hicks, Brian M. Zets, any attorney within the law firm of Wiles, Boyle,

Burkholder, & Bringardner Co., LPA, and any successor attorney working to fulfill the obligations of DYS' Legal Assistance Program, now or in any subsequent fiscal year during which the LAP continues to function.

5. Likewise, any attorney working within the Legal Assistance Program, may share and receive any client file with any other attorney working for the Legal Assistance Program. Such sharing of client files shall not constitute a waiver of either the attorney-client privilege or the attorney work product doctrine. In so ordering, the Court acknowledges that an attorney working within the Legal Assistance Program has both attorney-client and work-product interests in the files that could be provided. However, to effect and implement this Court's stipulation and consent decree, to safeguard the constitutional rights of all youth institutionalized and housed under the jurisdiction of DYS consistent with the terms of the stipulation and consent decree, and to serve the public interest in the proper administration of DYS facilities, the Court directs that each LAP attorney make their client files available to both (i) the Monitor or his designated Expert and (ii) any other attorney within the Legal Assistance Program.

6. Nothing in this Order shall be construed to prohibit Plaintiffs' counsel from fulfilling their independent monitoring obligation under the Consent Decree.

7. Dated this __12__ day of June, 2008.

_____
ALGENON L. MARBLEY, JUDGE
United States District Court, Southern District of Ohio